IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

OSCAR N. OLIVARES                                                                                           PLAINTIFF

v.                                                  Case No. 4:13-CV-04107

BRENTWOOD INDUSTRIES                                                                            DEFENDANT

**ORDER**

Before the Court is Defendant Brentwood Industries's ("Brentwood") Motion in Limine. (ECF No. 18). Defendants request that the Court enter an Order excluding all evidence regarding the company's hiring or promotion practices of African Americans, females, and other non-whites. The Plaintiff Oscar N. Olivares ("Olivares") has responded to the Motion. (ECF No. 20). The Court finds this matter ripe for its consideration.

Olivares is a Mexican-American and was employed by Brentwood Industries as a supervisor at its manufacturing facility. In his Complaint, Olivares alleges that he was terminated due to race discrimination in violation of 42 U.S.C. §§ 1981 and 2000(e), and the Equal Protection Clause of the Fourteenth Amendment. Defendants assert that Olivares was terminated for failing to enforce Brentwood's requirements concerning the wearing of safety equipment.

Brentwood asserts that its practices with regard to the hiring or promotion of African Americans, females, and other non-whites is irrelevant to the question of whether Olivares was terminated because of his race, and even if it is relevant, the presentation of evidence could lead to "mini-trials" on each allegation of discrimination and unduly prolong the trial and confuse the issues. Plaintiff responds that the Eighth Circuit has instructed that evidence of prior acts of discrimination is "relevant to an employer's motive in discharging a plaintiff, even where the evidence is not extensive enough to establish animus by itself." *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1104

(8th Cir. 1988) *overruled in part on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

First, the Court refuses to exclude all evidence by drawing a distinction between hiring and promotion practices and the termination at issue in this case. "Because an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial." *Hawkins v. Hennepin Technical Center*, 900 F.2d 153, 155-56 (8th Cir. 1990). "The evidence, however, must assist in the development of a reasonable inference of discrimination within the context of each case's respective facts." *Bradford v. Norfolk S. Corp.*, 54 F.3d 1412, 1419 (8th Cir. 1995). The fact that the disputed evidence concerns hiring and promotion practices rather than termination practices is not a significant enough distinction to exclude the evidence on that basis alone. In fact, the same argument was made in *Estes v. Dick Smith Ford, Inc.*, and it was rejected by the Court of Appeals. 856 F.2d at 1103 ("As a matter of common sense, however, it is hard to see how evidence which suggests that [defendant] discriminated against blacks in hiring would be irrelevant to the question of whether it fired a black employee because of his race.").

Second, the Court finds that any evidence of gender discrimination at Brentwood is irrelevant. Federal Rule of Evidence 401 defines "relevant evidence" as evidence which has the tendency to make a fact of consequence to the determination of the action more or less probable. This is a race discrimination claim. Gender discrimination is too attenuated to be relevant. Even if it were relevant, the Court finds that the probative value of gender discrimination evidence "is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the

jury, or by considerations of undue delay, [or] waste of time." Fed. R. Evid. 403.

The remaining question is whether evidence of discriminatory practices concerning African-American and other non-white employees is admissible evidence in this case. Generally, evidence showing an employer has discriminated against other similarly situated employees is admissible in the trial of the discrimination claim of a particular employee. *See, e.g., Hawkins*, 900 F .2d at 155-56 (holding that the court's ruling on a motion in limine "unfairly prevented [the plaintiff] from proving her case" in a sexual harassment retaliation case where the court barred plaintiff from "making any reference" to allegations of sexual harassment that preceded her complaint and subsequent retaliation); *Parrish v. Immanuel Med. Ctr.*, 92 F.3d 727, 733 (8th Cir. 1996); *Phillip v. ANR Freight Systems, Inc.*, 945 F.2d 1054, 1056 (8th Cir. 1991); *see also Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1086 (3d Cir. 1996). However, the Eighth Circuit has affirmed some district courts who exclude evidence based on a finding that admitting the evidence could be confusing to the jury or would have limited probative value. *See Easley v. Am. Greetings Corp.*, 158 F.3d 974, 976 (8th Cir.1998) (affirming the district court's exclusion of evidence of a supervisor's sexual advances on plaintiff in a retaliation case involving a different supervisor's behavior and stating: "Admitting the evidence would have opened the door to the introduction of evidence on collateral issues . . . that only would prolong the trial and that might confuse the jury."); *E.E.O.C. v. UMB Bank Financial Corp.*, 558 F.3d 784, 794 (8th Cir. 2009) (district court did not abuse its discretion in excluding evidence of another person's similar discrimination where such evidence was little more than allegations with limited probative value and would require examination into wholly collateral issues).

The evidence sought to be excluded here is narrow. It involves only the hiring and promotion

practices of Brentwood as they relate to African Americans and other non-whites. That evidence has some relevance to the question before the Court, whether Olivares, a Mexican-American, was terminated because of his race. The difference between this case and the cases relied on by Plaintiffs is that here, Defendants narrowly seek to exclude evidence concerning persons who are not similarly situated to Plaintiff.

However, the Court recognizes that, although a district court has "wide discretion in admitting and excluding evidence," *Harris v. Chand*, 506 F.3d 1135, 1139 (8th Cir. 2007), blanket evidentiary exclusions can be especially damaging in employment discrimination cases, where the plaintiff faces the difficult task of convincing the fact-finder to disbelieve the motives articulated by the employer, *Estes*, 856 F.2d at 1103. The evidence is not currently before the Court. Thus, while there are many reasons the evidence may or may not be proper, the Court cannot at this time make that determination. The Court is unaware of the specific factual situations which may be presented. For example, whether the evidence is of discrimination by other persons may be relevant in an individual discrimination case, but it will depend upon many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. *See Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). Moreover, if the proffered evidence is little more than vague allegations, the Court may find that its exclusion is necessary. *See E.E.O.C. v. UMB Bank Financial Corp.*, 558 F.3d 784, 794 (8th Cir. 2009). Similarly, the Court can foresee that permitting evidence in certain forms, while it may be slightly relevant, would confuse the issues, mislead the jury, and lead to various "mini-trials" on each individual witness regarding their personal allegations of discrimination against Brentwood. However, because that evidence is not currently before the Court for an evaluation, the decision cannot be made at this time.

Brentwood's Motion in Limine seeking to exclude evidence suggesting that other Brentwood employees were victims of gender discrimination in hiring or promotion is GRANTED, as that evidence is irrelevant to the race discrimination in termination issue before the Court. To the extent that the Motion in Limine seeks a blanket exclusion of all other race discrimination practices at Brentwood, the motion is DENIED WITHOUT PREJUDICE to reassertion of the motion to exclude specific testimony. Olivares must make an offer of proof of admissibility prior to presenting such evidence. Such an offer of proof must demonstrate, briefly and directly, that the evidence creates a reasonable inference of discrimination within the context of this case's respective facts. *See Callanan v. Runyun*, 75 F.3d 1293, 1297-98 (8th Cir. 1996).

**IT IS SO ORDERED**, this 13th day of Februrary, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge