IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

OSCAR N. OLIVARES                                                                                    PLAINTIFF

v.                                          Case No. 4:13-cv-4107

BRENTWOOD INDUSTRIES                                                                      DEFENDANT

**ORDER**

Before the Court is Plaintiff's Motion for Attorney's Fees and Costs. (ECF No. 44). Defendant has filed a Response in Opposition to the Motion. The Court finds this matter ripe for its consideration.

Plaintiff Oscar Olivares ("Olivares") was employed as a shift supervisor by Brentwood Industries ("Brentwood"). In February 2013, Brentwood terminated Olivares. After his termination, Olivares sued Brentwood for race discrimination in violation of Title VII and 42 U.S.C. § 1981. On February 20, 2015, a jury found in favor of Olivares and awarded him $1.00 in nominal damages. After the verdict was entered, Olivares filed a Motion for Hearing and Further Relief requesting back pay, front pay, reinstatement, injunctive relief, and prejudgment and post-judgment interest. (ECF No. 33). The Court granted Plaintiff's request for post-judgment interest on the nominal amount of $1.00 and denied the request for all other relief. (ECF No. 38 & 40). Olivares appealed, and the Eighth Circuit affirmed. Olivares now requests attorney's fees in the amount of $36,240.00 pursuant to 42 U.S.C. § 1988.[1] Brentwood objects, asserting that Olivares is not entitled to attorney's fees or costs.

---

[1] Olivares has also requested fees pursuant to two Arkansas statutes, Arkansas Code Annotated § 16-123-107(c)(1)(A), and Arkansas Code Annotated § 16-123-108(c). These two statutes were not plead in his Complaint and have not been otherwise referred to during the litigation. Olivares has cited no authority which supports the award of fees under those statutes.

The Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, as amended, 42 U.S.C. § 1988, provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

"Congress intended to permit the . . . award of counsel fees only when a party has prevailed on the merits." *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (per curiam). The Supreme Court has instructed that "'plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978)). A plaintiff who recovers only nominal damages is still a prevailing party and may be entitled to fees and costs. *Farrar v. Hobby*, 506 U.S. 103, 112-13 (1992). However, the award of attorney's fees is discretionary. 42 U.S.C. § 1988. "Where recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Riverside v. Rivera*, 477 U.S. 561, 585 (1986) (Powell, J., concurring in judgment).

Olivares was the prevailing party in this suit and, thus, he may be entitled to an award of attorneys fees. *See Ollis v. HearthStone Homes, Inc.*, 495 F.3d 570, 576 (8th Cir. 2007). However, the Court finds that he is not entitled to any in this case. In his Complaint, Olivares requested "reinstatement and other appropriate relief" and "compensatory and punitive damages." Olivares moved for reinstatement and was denied. He also asked for a declaratory judgment which the Court did not award, and, due to a lack of production of evidence at trial, he was not awarded backpay or

damages. At the hearing on Olivares's Motion for Further Relief, Olivares moved for front pay in the amount of $85,000.00 a year for 18 years, a total of $1,530,000.00. The Court denied his request for front pay. Ultimately, Olivares was awarded only $1.00 and post-judgment interest on that amount, an insignificant award compared to the relief he sought. Therefore, an award of attorney's fees is not appropriate under the facts of this case. *Farrar*, 506 U.S. at 115 (1992); *see also Hopkins v. Saunders*, 199 F.3d 968, 978-79 (8th Cir. 1999) ("The 'moral satisfaction' of [a declaration that his rights were violated], without more, is not sufficient to confer prevailing party status on a plaintiff.").

Accordingly, Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 44) is **DENIED**.

**IT IS SO ORDERED**, this 17th day of May, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge